UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

KENNETH R. DAVIN,                    )
                                     )
            Plaintiff,               )
                                     )
v.                                   )          No.:   3:18-CV-346-TAV-HBG
                                     )
RESOLUTION MANAGEMENT                )
CONSULTANTS, INC.,                   )
                                     )
            Defendant.               )

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on defendant's partial motion to dismiss [Doc. 21]. Plaintiff responded in opposition [Doc. 32] following the Court's order to show cause why defendant's motion should not be granted as unopposed [Doc. 30]. Defendant did not reply. For the reasons stated below, the Court will grant defendant's motion.

## I.    Background[1]

Plaintiff Kenneth Davin is the sole stockholder in Design One Building Systems Inc., a Tennessee corporation [Doc. 1-1 p. 4]. In February, 2014, plaintiff contracted with defendant Resolution Management Consultants, Inc., a New Jersey corporation, to obtain litigation support services in connection with a construction dispute between plaintiff and the Veteran's Administration [*Id*. pp. 3–5]. This case arises out of that contract.

---

[1] For purposes of this opinion, the Court accepts all factual allegations in plaintiff's complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In July, 2018, plaintiff filed suit in the Chancery Court for Knox County, Tennessee, alleging breach of contract, negligence, fraudulent misrepresentation, coercion, willful misconduct and failure to perform duties, and violations of the Tennessee Consumer Protection Act ("TCPA") [*Id.* pp. 3, 11]. The allegations in plaintiff's complaint can be distilled into two essential charges: that defendant charged plaintiff "exorbitant" fees for bad or nonperformance under the contract, and that defendant willfully misrepresented its expertise in the construction and engineering fields, all of which caused plaintiff harm [Doc. 1-1 p. 9]. Defendant removed the case to this Court and filed the instant motion, seeking dismissal of all but plaintiff's breach of contract and willful misconduct claims.

## II. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard. To survive a motion to dismiss, a complaint needs only a "short and plain statement of the claim showing that the pleader is entitled to relief, 'in order to give [the opposing party] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds'" of his relief "requires more than labels and conclusions." *Id.* "[A] formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In ruling on a motion to dismiss under Rule 12(b)(6), a district court "must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's

factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Id.* at 512 (citation omitted). "A claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

When a plaintiff pleads fraud or mistake, however, he must state "with particularity" the circumstances supporting those claims. Fed. R. Civ. P. 9(b). To satisfy this heightened pleading standard, "a plaintiff must, at a minimum, allege the time, place and content of the alleged misrepresentation upon which he or she relied; the fraudulent intent of the defendants and the injury resulting from the fraud." *Gebhardt v. GMAC Mortg., LLC,* No. 3:09–CV–425, 2010 WL 2901823, at *4 (E.D. Tenn. July 21, 2010) (citing *Calipari v. Powertel,* 231 F. Supp. 2d 734, 735–36 (W.D. Tenn. 2002) (citations omitted)).

## III. Analysis

Plaintiff's negligence, misrepresentation, TCPA, and coercion claims will be dismissed for failure to state a claim. The Court will examine each claim in turn.

### A. Negligence

Plaintiff's negligence claim fails because it is essentially indistinguishable from his breach of contract claim. To establish a prima facie claim of negligence, a plaintiff must show: (1) defendant owed a duty of care to plaintiff; (2) defendant engaged in conduct

below the applicable standard of care that amounts to a breach of that duty; (3) plaintiff suffered an injury or loss; (4) cause in fact; and (5) proximate, or legal, cause. *Giggers v. Memphis Hous. Auth.*, 277 S.W.3d 359, 364 (Tenn. 2009). Here, defendant argues that plaintiff's claim fails because plaintiff has not shown that defendant owed plaintiff any duty outside those imposed by the parties' contract. Plaintiff maintains that the allegations in the complaint are sufficient to state a "professional negligence" claim.

Plaintiff alleges in the "facts" section of the complaint that defendant unjustifiably "forc[ed] [p]laintiff to pay exorbitant invoices" and "refuse[d] to correct errors in [its] expert reports" [Doc. 1-1 p. 9]. The only time plaintiff specifically explains his "negligence" claim in the complaint is in the "causes of action" section, where plaintiff summarily states that "Defendants have acted negligently in service of the contract between the parties" [*Id.* p. 11]. This statement is telling. Rather than identify any tort-based duty, plaintiff's negligence claim is based on defendant's actions "in service of the [parties'] contract."

As this Court stated in *Weese v. Wyndham Vacation Resorts*, No. 3:07-CV-433, 2009 WL 1884058, at *5 (E.D. Tenn. June 30, 2009), a "negligence" claim that is really rooted in breach of contract may be interpreted as a claim for breach of the implied covenant of good faith and fair dealing. However, in Tennessee, "a breach of the implied covenant of good faith and fair dealing is not an independent basis for relief, but rather 'may be an element or circumstance of recognized torts, or breaches of contracts.'" *Id.* (citing *Solomon v. First Am. Nat'l Bank of Nashville*, 774 S.W.2d 935, 945 (Tenn. Ct. App.

4

1989)).  Plaintiff argues that *Solomon* stands for the proposition that "good faith, or lack thereof, allows for an actionable tort alone" [Doc. 32 p. 3]; however, it appears that *Solomon* says precisely the opposite.  774 S.W.2d at 945 ("[G]ood faith or the lack of it may be an element or circumstance of recognized torts, or breaches of contracts, but it *does not* appear that good faith, or lack of it is, standing alone, an actionable tort." (emphasis added)).

To the extent that plaintiff's "negligence" claim is really one for breach of the implied covenant of good faith and fair dealing, plaintiff is free to assert his arguments in support of that claim in the context of his breach of contract claim, which defendant has not moved to dismiss at this time.  To the extent that plaintiff attempts to assert a "case of professional negligence, no different than a [medical malpractice claim]" [Doc. 32 p. 2], plaintiff cites no case law in support of the availability of such a claim in this context.  Accordingly, plaintiff's negligence claim will be dismissed for failure to state a claim.

## B. Misrepresentation and Violation of the TCPA

Plaintiff's claims for "willful" or "fraudulent" misrepresentation and violations of the TCPA fail because plaintiff has not established with particularity that defendant made any false or misleading representations.  Both claims are subject to Rule 9(b)'s heightened pleading standard.  *See Power & Telephone Supply Co., Inc. v. SunTrust Banks, Inc.*, 447 F.3d 923, 931 (6th Cir. 2006); *Metro. Prop. & Cas. Ins. Co. v. Bell*, No. 04-5965, 2005 WL 1993446, at *5 (6th Cir. Aug. 17, 2005).  In support, plaintiff asserts that defendant misrepresented its expertise in the construction and engineering fields in advertisements

on its website [Doc. 1-1 p. 9]. Defendant further alleges that he "was led to believe that [defendant employed] a qualified construction expert," but that the expert left the firm "shortly into the [parties'] contractual agreement," and that defendant nonetheless continued to misrepresent its expertise [*Id.*].

In Tennessee, claims for "intentional misrepresentation," "fraudulent misrepresentation," and "fraud" are "different names for the same cause of action." *Hodge v. Craig*, 382 S.W.3d 325, 342 (Tenn. 2012). A plaintiff alleging intentional misrepresentation must prove: "(1) that the defendant made a representation of a present or past fact; (2) that the representation was false when it was made; (3) that the representation involved a material fact; (4) that the defendant either knew that the representation was false or did not believe it to be true or that the defendant made the representation recklessly without knowing whether it was true or false; (5) that the plaintiff did not know that the representation was false when made and was justified in relying on the truth of the representation; and (6) that the plaintiff sustained damages as a result of the representation." *Id.* at 343. Similarly, to recover under the TCPA, a plaintiff must prove that the defendant engaged in "an unfair or deceptive act or practice" that caused "an ascertainable loss of money or property." Tenn. Code Ann. § 47-18-109(a)(1). Material representations that are "likely to mislead reasonable consumers to their detriment" are among the unfair or deceptive practices prohibited by the TCPA. *Warren v. Warrior Golf Capital, LLC*, 126 F. Supp. 3d 988, 997 (E.D. Tenn. 2015). *See* Tenn. Code Ann. § 47-18-104(b).

Plaintiff's allegation about defendant's employment of a qualified construction expert does not appear from the complaint to be a false or misleading representation of a *present* or *past* fact. Plaintiff has not alleged that the expert in question was not, in fact, an expert, and acknowledged that the expert only left defendant's employ after plaintiff had entered into a contractual relationship with defendant [Doc. 1-1 p. 9]. Plaintiff's remaining assertions of misrepresentation essentially boil down to generalized allegations that defendant misrepresented its expertise [*Id.*]. These statements offer nothing more than "labels and conclusions," which the Court need not accept as true and which do not meet the pleading standard of Rule 8, let alone the heightened pleading standard of Rule 9. *See Twombly*, 550 U.S. at 555; *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) ("While all factual allegations of the complaint are accepted as true, we need not accept as true legal conclusions or unwarranted factual inferences." (citation omitted)). Plaintiff's claims for intentional misrepresentation and violations of the TCPA must be dismissed. *See Marshall v. ITT Tech. Inst.*, No. 3:11-CV-552, 2012 WL 1205581, at *3 (E.D. Tenn. April 11, 2012) (dismissing plaintiff's misrepresentation and TCPA claims where plaintiff merely repeated the "blanket allegation" that defendants "made misleading statements and engaged in deceptive acts.").

### C.    Coercion

Plaintiff's coercion claim fails because no such claim is recognized in Tennessee. Plaintiff bases his claim on the allegation that defendant "demanded monetary payment in excess of the contracted amount and threatened to quit if the exorbitant fees were not paid"

[Doc. 1-1 p. 11]. In response to defendant's argument that no such action exists in Tennessee, plaintiff argues that the facts alleged "present a prima facie case of an intentional interference with a business relationship" [Doc. 32 p. 4]. It is doubtful that plaintiff has established the elements of such a claim, as outlined in *Trau-Med of America, Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 701 (Tenn. 2002); however, the Court declines to address this argument, because plaintiff has not amended his complaint to allege a claim for intentional interference with a business relationship.[2]

The Tennessee Court of Appeals has left open the possibility that "allegations of duress or coercion could be the basis for an independent action" under certain circumstances. *Black v. Black*, No. W2003-01648-COA-R3-CV, 2004 WL 1563233, at *11 (Tenn. Ct. App. July 13, 2004), *aff'd*, 166 S.W.3d 699 (Tenn. 2005). However, the court did not elaborate on what those circumstances might be, and plaintiff has cited no case affirmatively recognizing such a claim in Tennessee. This Court declines to recognize a novel cause of action under Tennessee law and, under such circumstances, cannot conclude that plaintiff "states a plausible claim for relief." *Iqbal*, 556 U.S. at 679. Plaintiff's coercion claim will be dismissed.

---

[2] The Court notes that, had plaintiff wished to amend his complaint in an attempt to avoid this argument in defendant's motion to dismiss, he could have done so after meeting and conferring with defendant—in accordance with the Court's Order governing motions to dismiss—prior to defendant filing its motion [*see* Doc. 8].

**IV.     Conclusion**

For the reasons stated above, defendant's motion [Doc. 21] is **GRANTED** and plaintiff's claims for negligence, intentional misrepresentation, TCPA violations, and coercion are **DISMISSED**.  This matter will proceed on plaintiff's remaining claims.

IT IS SO ORDERED.


s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE